# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-12-173-RAW ) |
| VALERIE L. LANDMEIER, et al., | ) ) |
| Defendants. | ) |

# ORDER

Before the court is the motion of defendants Narconon of Oklahoma, Inc., Narconon International, and Social Betterment Properties International to recover legal fees. This action commenced on April 17, 2012, with plaintiff filing a complaint for declaratory judgment. The case was assigned to Judge Payne of this court. Plaintiff sought a declaratory judgment that it did not owe a duty to defend or indemnify regarding an ongoing state court lawsuit in Pittsburg County, Oklahoma. The resolution of the declaratory judgment claim would turn on whether Heather Landmeier was an employee of Narconon at the time of the defendants' alleged culpable acts.

Defendants filed motions to dismiss (##14, 18, 31), which asserted that the complaint failed to state a claim because it pled no facts "even attempting to claim Heather was an employee of [Narconon of Oklahoma, Inc.] or that her injuries arose out of or in the course of any employment relationship with [plaintiff's] insureds." (#14 at 4). Plaintiff responded to the motions and defendants filed replies. Before Judge Payne had ruled, however, plaintiff

filed a dismissal without prejudice, pursuant to Rule 41(a)(1)(A)(i) F.R.Cv.P. Movants subsequently filed the pending motion, and the case was reassigned from Judge Payne to the undersigned.

For purposes of perspective, the court begins with avenues for sanctions which movants do not pursue. A party may move for sanctions pursuant to Rule 11 F.R.Cv.P. if its adversary makes a frivolous filing or otherwise makes a contention for an improper purpose. Such a motion may not be filed, however, unless there is strict compliance with the Rule's "safe harbor" provision. That provision provides that any motion for sanction must be served on the offending party at least 21 days before the motion is filed with the court. *See* Rule 11(c)(2). The offending party then may timely "withdraw[] or appropriately correct[]" the challenged contention.

Movants evidently did not comply with the "safe harbor" provision and expressly state that they do not seek sanctions pursuant to Rule 11. (#54 at 3). This decision is appropriate, because the Tenth Circuit holds that the "safe harbor" provision is mandatory. *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1529 (10th Cir.1997). *See also Mellott v. MSN Communications, Inc.,* 492 Fed.Appx. 887 (10th Cir.2012).

Sanctions are also available under 28 U.S.C. §1927. The inquiry under §1927 "is whether the proceedings have been unreasonably and vexatiously multiplied." *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1223 (10th Cir.2006). These sanctions may not, however,

2

be awarded based upon the filing of a complaint standing alone. *Id.* at 1224-1225. Therefore, even if movants invoked this statute, the request would be denied.[*]

Movants appear to seek sanctions under the court's inherent powers, available "when a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991). The court would be reluctantly to employ its inherent powers when the more established avenue of Rule 11 has not been chosen. If such were appropriate, the "safe harbor" provision would be meaningless. In any event, from the court's review it does not find that the complaint in this case rises to the level of conduct described in the *Chambers* quotation.

It is the order of the court that the motion to recover legal fees (#52) is DENIED.

**ORDERED THIS 26th DAY OF AUGUST, 2013.**

**Dated this 26th day of August, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[*] Movants have mentioned in passing that the Tenth Circuit has found applicable an Oklahoma statute, 36 O.S. §3629(B), in declaratory judgment actions. That statute provides for an award of attorney fees to insureds who prevail in an action against the insurer. The statute states that "fees shall be allowable to the prevailing party." Movants are not "prevailing parties" under the facts of this case. *See Lorillard Tobacco Co. v. Engida,* 611 F.3d 1209, 1215 (10th Cir.2010).

3